Joan TUNNY, Plaintiff–Appellant,

v.

Harry KAMEN, Chairman, President, & CEO, Defendant,

**Metropolitan Life Ins. Co.,
Defendant–Appellee.**

No. 03–7450.

United States Court of Appeals,
Second Circuit.

Sept. 27, 2004.

Joan Tunny, Washington, D.C., for Appellant, pro se.

Anne N. Smith, Neil H. Abramson, Proskauer Rose, LLP, New York, NY, for Appellees.

Present: MESKILL, McLAUGHLIN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Joan Tunny, *pro se*, appeals from an order of the United States District Court for the Eastern District of New York (Dearie, *J.*), granting defendant Metropolitan Life Insurance Company's ("MetLife") motion for summary judgment in her employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964. Familiarity with the factual and procedural history of this case is assumed.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003). We will only affirm the dismissal of a claim on summary judgment if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Id.* (alterations in original).

The District Court properly granted MetLife's motion for summary judgment. All of Tunny's claims, except for those concerning her termination, were time-barred, as they involved incidents that had occurred more than 300 days prior to the filing of her complaint with the Equal Employment Opportunity Commission and did not constitute a continuing violation. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104–05, 114–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Tunny's discrimination claim regarding her termination fails because, even assuming that she had established a *prima facie* case of discrimination, she did not satisfy her burden of proving that MetLife's proffered reason for her termination, her failure to meet specified productivity requirements, was a pretext for discrimination. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Tunny's disparate treatment and disparate impact claims fail because she did not provide sufficient evidence to support these claims, *see Ottaviani v. State Univ. of N.Y. at New Paltz*, 875 F.2d 365, 369–70 (2d Cir.1989) (disparate treatment); *Waisome v. Port Auth. of N.Y. & N.J.*, 948 F.2d 1370, 1375 (2d Cir.1991) (disparate impact). Finally, Tunny's retaliation claim was properly rejected by the District Court because she failed to demonstrate a causal connection between her sexual harassment complaint and her termination. *See Tomka v. Seiler Corp.*, 66 F.3d 1295,

1308 (2d Cir.1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

For the foregoing reasons, the order of the District Court is AFFIRMED.